WALTER M. ELSWICK, Judge.
On April 17, 1936, Forrest Riddle, the claimant was employed by the state road commission as a guard for prisoners who were working on a state road near Harmon in Randolph county, West Virginia. About one o’clock in the afternoon of that day, the claimant and two other guards were marching about 65 prisoners along the highway back from their camp to their work when he was struck and knocked down by a pickup truck owned and operated, by a Mrs. E. H. Cooper. The truck struck the claimant from behind and ran over his body across his stomach. The claimant testified that he and the prisoners were walking on the left side of the road *349 facing traffic, that the prisoners were walking two abreast on their left side of the road, that he was at the head of the line, that he ‘‘must have been ten or twelve feet from the center line of the road,” that is to say of the left center o fthe road. The witness Mrs. E. H. Cooper testified that the prisoners were walking on the left of the highway and that claimant and the other guard were on the right. She testified that when she came to the first line of prisoners that she blew her horn and that when she came near to Riddle she blew her horn again, and just as she blew it the last time Mr. Riddle, the claimant, stepped in front of her truck. Her testimony conflicts with that of the claimant in that she states that Riddle was on the right side of the road while he states that he was on the left side of the road. The claimant testified that just as the truck hit him, the horn blew but that he had no warning prior to that time. Mrs. Cooper had made one trip each day on this road prior to the time of claimant’s injury and knew of the construction work being done. She had a vision of from 150 to 200 yards ahead before approaching claimant.
The claimant received the following injuries; namely, fracture of the right tibia, fracture and dislocation of the right ankle, fracture of the left tibia, fracture of the left fibula and internal injuries. He was taken by an ambulance to the city hospital at Elkins, West Virginia, and remained at the hospital for treatment for 42 days and returned home on June 9, 1936. His hospital bill for this period amounted to $395.00. He recovered so that he was able to drive an automobile sometime after he had returned home from the hospital and during the fall of that year. Claimant is now unable to walk and is confined to a wheel chair. His legs are cramped and cannot be straightened. He uses morphine daily hut there was no medical testimony produced to show its connection with the injuries sustained when the truck struck him. Claimant employed counsel and instituted a suit for damages against the said Mrs. E. H. Cooper for the said injuries sustained by reason of being struck by her truck, which suit was compromised and settled for the sum of $3,750:00. By chapter one, page 62 of the general appropriations act of the 1937 Legislature the *350 sum of $899.01 was appropriated by the Legislature to Forrest Riddle for payment of hospital bills, nursing, etc., which sum was paid by the state of West Virginia, and by acts of the Legislature, 1939, chapter 6 of the general appropriations act the sum of $720.00 was appropriated to pay to him for injujries received while guarding prisoners, which was paid in 24 monthly installments of $30.00 each. It also appears that the claimant was carried on the pay roll from the 25th day of April 1936 through the 28th day of April 1937 and paid wages amounting to the sum of $734.66. All these payments make a total of $2,353.67 paid to and on his behalf by the state of West Virginia by reason of said injuries.
The claimant contends that the state road commission was negligent by failing to have a flagman behind and in front of the column of prisoners and by not having the roadway properly posted. With the three guards present on the usual march to and from work we would be constrained to have doubt on this contention if compensation had not been awarded owing to all the circumstances of the case. It was apparently a clear day with good vision, on a gravel based, comparatively level, roadway. It seems clear that the claimant had a clear cut cause of action against Mrs. E. H. Cooper the operator of the truck which struck him. The same was compromised by claimant. It seems that the state road commission, owing to the fact that at the time claimant was injured the state workmen’s compensation was not in force, endeavored to resolve all doubt in favor of claimant, and paid him one year’s salary and the Legislature did not intend these appropriations to be in full settlement of claimant’s claim, especially in view of his right of action against Mrs. Cooper, since claimant had recovered sufficiently to drive an automobile in the fall of 1936. We are of the opinion from all the evidence and circumstances in the record in the case that the claimant, too, consented to and intended same to be in full settlement, in any event. We are not in position to say that the state road commission or prison authorities were negligent, from the evidence. We therefore deny an award.